Alfred P. Vigorito
John W. Barker
Gary W. Patterson, Jr.*
Jeffrey R. Nichols*
Marnie Stathatos-Fulgieri
Scott A. Singer
Gregg D. Weinstock*** ■ ※
Kiki Chrisomallides*
Dylan Braverman
Adam S. Covitt

Kevin D. Porter
Susan Vari

Brian Andrews
Margaret Antonino* ■
Edward J. Arevalo
Robert Boccio
Bruce Brady *
Thomas Brennan ■
Dawn Bristol
Kenneth J. Burford
Gilbert H. Choi
Joshua R. Cohen

Charles K. Faillace ±
Danielle M. Hansen
Anna Hock
Thomas Jaffa
Gemma Kenney ***
Ruth Bogatyrow Kraft
Douglas Langholz
Jason Lavery *
Megan A. Lawless‡
Guy A. Lawrence
Timothy P. Lewis –
Jennifer M. Lobaito
Nell Mascolo, Jr.
Adonaid Medina*
Ralph Vincent Morales
Vincent Nagler **
Carolyn Rankin
Miles S. Reiner
Bhalinder L. Rikhye
Tammy A. Trees
Nicole M. Varisco
Julia F. Wilcox ※
Arthur I. Yankowitz**



**VIGORITO, BARKER, PATTERSON, NICHOLS & PORTER, LLP**

Danielle Bennett ∆
Theresa A. Bolun
Angela R. Bonica *
Julia Combs †
Christine Crane
Michael P. Diven * ** ※
Tyler M. Fiorillo
Lauren P. Ingvoldstad†
Jillian Kuper †
Christian McCarthy
John O'Brien
Daniel O'Connell * ■
Kara Ognibene †
Emily Phillips
Alesha N. Powell * **
Kathleen M. Thompson
Paul Toscano
Claudine Travers
Tyler Weingarten †
Alexandra Zerrillo * ** ※

*Of Counsel*
Patricia M. Comblo ※±
Josie M. Conelley
Brian DiPentima*
Tricia M. Criscito
Roseann V. Driscoll
William Gagas ±
Rani B. Kulkarni
Nicole E. Martone
Joseph P. Muscarella
Seema Palmerson
Nicole C. Salerno *
Valerie L. Siragusa
Diana V. Solla
Karolina Wiaderna

* Also Admitted to Practice in NJ
** Also Admitted to Practice in CT
*** Also Admitted to Practice in NJ, CT, DC
– Admitted to Practice in Florida
■ Also Admitted to Practice in FL
‡ Also Admitted to Practice in NJ and PA
± Also Admitted to Practice in MA
∆ Also Admitted to Practice in Ohio
※ Admitted to Practice in CO
† Admission Pending

November 29, 2022

**VIA ECF**

Hon. Paul A. Engelmayer
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    *Shirley Brito by her Proposed Administrator, Tairra Baker v. Harlem Center for Nursing and Rehabilitation d/b/a Harlem Center for Nursing and Rehabilitation*
           Case No. 1:22-cv-09937-PAE-JLC

Dear Judge Engel Mayer:

    The undersigned represents defendant, Harlem Center for Nursing and Rehabilitation d/b/a Harlem Center for Nursing and Rehabilitation ("Defendant") in the above-referenced action. This letter motion is submitted pursuant to York Honor's Individual Practices Rules I(E) and 3A.

    By this letter, Defendant respectfully asks the Court to hold anticipated motion practice by plaintiff and/or consideration of remand in abeyance until after the appeals of *Leroy v. Hume*, Nos. 21-2158, 21-2159 (cons.), *Rivera-Zayas v. Our Lady of Consolation Geriatric Care Center*, 21-2164, and *Solomon v. St. Joseph Hospital*, No. 21-2729, which are currently pending in the Second Circuit, are decided, as these appeals concern identical jurisdictional arguments that would be raised in a remand motion here. Accordingly, and as discussed in detail below, we request that this case be stayed pending issuance of a decision in those appeals.

    Alternatively, Defendant requests a pre-motion conference to address its application for an extension of time to answer and a briefing schedule for a pre-answer motion to dismiss based upon plaintiff's lack of capacity to prosecute this action as a "Proposed" estate representative, and the COVID-19 immunities afforded by the Public Readiness and Emergency Preparedness Act ("PREP Act"), 42 U.S.C. §§ 247d-6d, 247d-6e, and New York's Emergency or Disaster Treatment Protection Act ("EDTPA"), N.Y. Pub. Health Law § 3082.

As a threshold matter, Plaintiff, as "Proposed Administrator" of the Estate of Shirley Brito, lacks standing, and thus lacks capacity to prosecute this action or otherwise act on behalf of the decedent. *See* NY EPTL §5-4.1(1); *Bush v. City of Utica*, 948 F.Supp.2d 246, 253 (N.D.N.Y. 2013), *aff'd sub nom. Bush v. City of Utica, N.Y.*, 558 F.App'x 131 (2d Cir. 2014); *Carrick v. Central General Hospital*, 51 N.Y.2d 242, 246, 434 N.Y.S.2d 130 (1980); *Sam Kyung Cho v. Yongshin Cho*, 45 A.D.3d 388, 389 (1st Dep't 2007); *Butler v. Kings Co. Hospital Center*, 30 Misc.3d 1229(a), 924 N.Y.S.2D 307 (Sup. Ct. Kings Co. 2011) (dismissing wrongful death claim where cased filed by "Proposed Administrator" subsequently obtained letters, but never cured the initial filing defect). Defendant intends to file a pre-answer motion to dismiss on these grounds.[1] Dismissal for lack of capacity is warranted, or at a minimum, there should be a stay of proceedings until a proper estate representative is appointed.

If the Court considers remand *sua sponte*, it should consider that Defendant removed this action because the Complaint alleges injury relating to the administration of COVID-19 countermeasures to prevent, diagnose and/or treat COVID-19 within the meaning of the PREP Act. Defendant asserts federal subject matter jurisdiction on the grounds that these claims: (1) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because they are completely preempted by the PREP Act; (2) "aris[e] under" federal law within the meaning of 28 U.S.C. § 1331 because, under *Grable & Sons Metal Products, Inc. v. Darue Engineering & Manufacturing.*, 545 U.S. 308 (2005), these claims necessarily involve substantial and disputed questions of federal law; and (3) form the basis for federal jurisdiction because defendants subject to such claims are persons acting under federal officers within the meaning of 28 U.S.C. § 1442(a)(l). These issues are before the Second Circuit in the *Leroy* and *Rivera-Zayas* appeals. Oral argument in the *Leroy* and *Rivera-Zayas* appeals occurred on October 31, 2022. On November 14, 2022, the Second Circuit ordered that consideration of these appeals be held in abeyance until the Court issues a decision in *Solomon*. Briefing in *Solomon* on the same jurisdictional questions at issue in this case and in *Leroy* and *Rivera-Zayas* is currently scheduled to conclude by the end of January 2023. A stay, rather than remand, would allow the parties the benefit of awaiting a decision from the Second Circuit before engaging in motion practice that could shortly be deemed moot. As such, Defendant respectfully asks this Court to hold any consideration of remand in abeyance until after the Second Circuit renders decisions in these appeals.

Multiple courts in the Eastern and Southern Districts of New York have recently stayed motion practice, despite objection by plaintiff, in similarly situated cases as a matter of judicial efficiency. As EDNY Judge Vitaliano recognized in issuing a stay in a case involving identical jurisdictional issues, "a court may...properly exercise its staying power when a higher court is close to settling an important issue of law bearing on the action." *See McGovern v. Our Lady of Consolation Geriatric Care Center*, 2:22-cv-05558-ENV (E.D.N.Y., Sep. 29, 2022) (issuing stay pending Second Circuit's resolution of *Leroy* and *Rivera-Zayas* appeals) (citation omitted).

A number of courts have likewise issued stays on the same grounds. *See, e.g., Jones v. The Brookdale University Hospital and Medical Center, et al.*, 1:22-cv-02552-RPK-TAM (E.D.N.Y., Nov. 9, 2022) (ruling that the issues in *Leroy* and *Rivera-Zayas* appeals "appear substantially similar to the issues presented in the plaintiff's motion for remand"); *Vetere v. Suffolk Restorative Therapy and Nursing LLC*, 2:22-cv-04886-FB-ARL (E.D.N.Y. Nov. 4, 2022) (same); *Ortiz v. Bronx Harbor Heath Care Complex, Inc., et al.*, 1:22-cv-09348-JLR (S.D.N.Y., Nov. 8, 2022) (same); *Rah v. Terrance Cardinal Cooke Health*

---

[1] In fact, plaintiff lacks standing to oppose this application or submit a motion to remand as she is not a properly appointed estate representative.

*Care Center*, 1:22-cv-03801-LLS (S.D.N.Y., Oct 5, 2022) (staying motion practice until resolution of appeals "which may affect whether this Court has subject matter jurisdiction in this case."); *Horton v. Bronx Harbor Health Care Complex, Inc. et al.*, 1:22-cv-06763-ER (S.D.N.Y. Sept. 20, 2022) (issuing stay pending Second Circuit's resolution of *Leroy* and *Rivera-Zayas* appeals); *Cusimano v. Eastchester Rehabilitation and Health Center*, 1:22-cv-06453-DLC (S.D.N.Y., Aug. 29, 2022) (same); *Alston v. Harlem Center for Nursing and Rehabilitation, LLC, et al.*, 1:22-cv-06293-LAK-OTW (S.D.N.Y., Aug. 10, 2022) (same). *See also Huston v. Alliance Health Operations, LLC*, 1:22-cv-05085-DG-VMS (E.D.N.Y., Oct. 7, 2022) (ruling that decisions in *Leroy* and *Rivera-Zayas* appeals are likely to be instructive in this action); *Gillis v. Carmel Richmond Nursing Home, Inc.*, 1:22-cv-05690-KAM-TAM (E.D.N.Y., Oct. 4, 2022) (same); *Gonzalez v. Parker Jewish Institute for Health Care & Rehabilitation, et al.*, 2:22-cv-05199-AMD-ST (E.D.N.Y., Sep. 9, 2022) (imposing brief stay and holding motion practice in abeyance pending Second Circuit's resolution of *Leroy* and *Rivera-Zayas*, which are likely to be instructive in this action); *Gavin v. Jackson Heights Care Center, LLC et al.*, 1:22-cv-05006-AMD-RER (E.D.N.Y., Sep. 7, 2022) (same); *Loggia v. Carmel Richmond Nursing Home, Inc.*, 1:22-cv-04678-AMD-VMS (E.D.N.Y., Aug. 24, 2022) (same); *Loggia v. Carmel Richmond Nursing Home*, 1:22-CV-04678-AMD-VMS (E.D.N.Y. Aug. 24, 2022) (holding motion practice in abeyance pending resolution of pending appeals); *Berlin v. SGRNC LLC et al*, 1:22-cv-04567-WFK-TAM (E.D.N.Y., Aug. 10, 2022) (staying case pending Second Circuit's resolution of jurisdictional questions at issue), *denying motion for reconsideration* (Aug. 11, 2022); *Kump v. Chapin Home For The Aging*, Case No. 1:22-cv-03189-DG-MMH (E.D.N.Y. July 19, 2022); and *Weppler v. Highfield Gardens Care Center of Great Neck*, Case No. 2:22-cv-02905-AMD-CLP (E.D.N.Y. June 3, 2022). (*See* Stay Orders attached hereto). Thus, Defendant requests that this Court hold any consideration of remand in abeyance pending the Second Circuit's resolution of the novel jurisdictional questions at issue here.

If the Court declines a stay, and instead requires the Defendant to file its pre-answer motion to dismiss, it is respectfully submitted that the PREP Act provides Defendant immunity from suit because plaintiff's claims arise out of and relate to the administration of covered countermeasures, as defined by the PREP Act, for prevention, diagnosis and treatment of COVID-19. As such, it is respectfully submitted that the immunity provisions of the PREP Act bar suit for the claimed injuries, requiring dismissal of the Complaint. Plaintiff's claims are also barred by New York's EDTPA, which mandates dismissal of any claim involving care that was impacted by acts or decisions by healthcare providers and facilities in response to the COVID-19 pandemic. Plaintiff alleges injury resulting from the provision of health care services pursuant to a COVID-19 emergency rule, and the patient's care and treatment were impacted by Defendant's decisions and activities in response to the COVID-19 outbreak. The entire premise of the Complaint is a critique of Defendant's activities and decisions in response to or as a result of the COVID-19 outbreak, thereby triggering the immunity conferred by the EDTPA and requiring dismissal.

In sum, if this Honorable Court declines to impose a stay at this juncture, Defendant respectfully requests a pre-motion conference to establish a briefing schedule based on the foregoing immunities and extension of its time to answer until such motion is decided.

We thank the Court for its consideration of these requests. Per Your Honor's rules, we note that the deadline to file this application is today. These requests are not on consent of our adversary.

Sincerely,

*Nicole M. Varisco*

Nicole M. Varisco (NZ 2525)
(n.varisco@vbpnplaw.com)

TO: (via CM/ECF)
Joseph Ciaccio, Esq.
**NAPOLI SHKOLNIK, PLLC**
*Attorneys for Plaintiff*
400 Broadhollow Road – Suite 305
Melville, NY 11747
212-397-1000

The Court has received defendants' letter. Defendants have not filed on the docket of this case confirmation that plaintiff was served with the Court's November 28, 2022 order, Dkt. 4, and plaintiff's counsel has not appeared in the case.

In light of the above, the Court orders defendants forthwith to file proof of service of the November 28, 2022 order. Plaintiff will have one week from the date of service to appear and respond to this letter, in a single-spaced letter of up to four pages, addressing the appropriateness of defendants' application for a stay pending decisions in the above-listed Second Circuit appeals.

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge
November 30, 2022